UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

IN RE:

CHRISTOPHER D. CIMONETTI
NATALIE E. CIMONETTI

Debtors

Chapter 13
Case No. 26-11331-AMC

---

BRIDGECREST CREDIT COMPANY, LLC
AS SERVICER FOR CARVANA, LLC

Movant

v.

CHRISTOPHER D. CIMONETTI
NATALIE E. CIMONETTI
(Debtors)

KENNETH E. WEST
(Trustee)

Respondents

Hearing Date: July 21, 2026 @ 11:00 AM

Response Deadline: July 14, 2026

---

## ORDER TERMINATING AUTOMATIC STAY

AND NOW, this __23rd__ day of __July__, 2026, upon consideration of the Motion for Relief from Automatic Stay ("Motion"), filed by Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC ("Movant"), and any response thereto, and good cause having been shown, it is hereby

**ORDERED,** that the Motion be, and the same is hereby **GRANTED;** and it is further

**ORDERED** that the Automatic Stay imposed by 11 U.S.C. § 362 is terminated, permitting Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC and its successors and assigns, to exercise its rights under applicable law against the collateral; and Bridgecrest Credit Company,

LLC as Servicer for Carvana, LLC is allowed to enforce the contract rights as it pertains to the 2019 Nissan Sentra VIN No. 3N1AB7AP1KY370677 to obtain possession of and/or dispose of the Property; and it is further

ORDERED, that Relief from the Automatic Stay is granted allowing Movant to proceed under applicable non-bankruptcy law to enforce its remedies and obtain possession of and/or dispose of the collateral and/or allowing Movant, through its agents, servicers and representatives to contact Debtor and/or Debtor's counsel for the purpose of engaging in discussions and consideration for possible solutions and/or resolutions; and it is further

ORDERED, that the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and it is further

ORDERED, that this Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(4).

BY THE COURT:

_____

Honorable Ashely M. Chan
U.S. Bankruptcy Judge